IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02754-BNB

STEVEN SWEDLUND,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

**ORDER**

This action seeks review of the Commissioner's decision denying the plaintiff's claim for supplemental security income benefits under Title XVI and disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 1383(c)(3). The matter has been fully briefed, obviating the need for oral argument. The decision is REVERSED, and the case is REMANDED to the Commissioner.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff filed his applications for benefits on July 7, 2010, stating that he had been disabled due to arthritis, hepatitis C, anxiety, and depression beginning June 20, 2010. *Social Security Administrative Record* [Doc. #10] (the "Record"), pp. 188-98; 233.[1] The plaintiff was born in 1965 and was 44 years old on his alleged onset of disability date. Id. at p. 188. His

---

[1] I refer to the official page numbers of the Record which are found on the lower right-hand corner of each page, not to the page numbers that are assigned by the court's docketing system.

applications were denied. Id. at pp. 83-113; 117-23. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at p. 124. The hearing was held on March 13, 2012. Id. at p. 1. On April 27, 2012, the ALJ issued a written decision finding that the plaintiff was not disabled as defined in the Social Security Act. Id. at pp. 62-78. The Appeals Council denied the plaintiff's request for review. Id. at pp. 45-51. The ALJ's decision is final for purposes of this court's review. 20 C.F.R. § 404.981.[2]

## II. STANDARD OF REVIEW

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. Brown, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. Hedstrom v. Sullivan, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. Id.

---

[2]All references to the Code of Federal Regulations are to the 2013 edition of part 404, which addresses claims under Title II of the Act. All cited regulations have parallel citations in part 416, which address claims under Title XVI of the Act.

### III.  THE LAW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  See Kelley v. Chater, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or medically equals in severity certain impairments described in 20 C.F.R. Part 404, Subpart P,

Appendix 1.

4.   If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past work despite any limitations.

5.   If the claimant does not have the RFC to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and RFC.

20 C.F.R. §§ 404.1520(a)-(f).  See also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  Id.  A finding at any point in the five-step review either that the claimant is disabled or not is conclusive and terminates the analysis.  Casias v. Secretary of Health & Human Services, 933 F.2d 799, 801 (10th Cir. 1991).

## IV.   ANALYSIS

The ALJ found that (1) the plaintiff meets the insured status requirements of the Social Security Act through December 31, 2013; (2) the plaintiff has not engaged in substantial gainful activity since June 20, 2010; (3) the plaintiff has the following severe impairments: mild arthrosis of the hands, anxiety disorder, history of alcohol and methamphetamine abuse, in purported remission; (4) the plaintiff does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1; (5) the plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he can lift or carry up to 30 pounds occasionally and frequently; stand or walk at least six hours; sit at least six hours; is precluded from climbing ladders, ropes, and scaffolds; is precluded from exposure to unprotected heights; is limited to unskilled work with limited public contact; and is precluded from forceful pinching, grasping, or torquing; (6) the plaintiff is unable to perform any past relevant work; (7) there are jobs that exist in significant number in the national economy that the plaintiff can perform; and (8) the plaintiff has not been under a disability as defined in the Social Security Act from June 20, 2010, through the date of the decision. *Record*, pp. 67-78.

The plaintiff argues that the ALJ erred by concluding that the plaintiff could perform work in the national economy that requires skills and abilities that are restricted in the plaintiff's RFC. *Plaintiff's Legal Brief*, p. 22.

At the fifth and final step of the sequential evaluation process, the ALJ has the burden to consider his assessment of the claimant's RFC and the claimant's age, education, and work experience to determine if the claimant can perform gainful and substantial work in the economy. 20 C.F.R. §§ 404.1520(a)-(f); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden may be met through the testimony of a vocational expert ("VE").

Here, the ALJ found that the plaintiff has the RFC to perform light work but is precluded from doing specific activities including forceful pinching, grasping, and torquing. *Record*, p. 69. During the hearing, the ALJ posed a hypothetical question to the VE, asking her to consider an individual of the plaintiff's age, education, work experience, and RFC, with the exception that

5

the individual would be capable of performing forceful pinching, grasping, and torquing "frequently but not constantly." Id. at p. 36. The VE stated that such an individual could perform several jobs including a router position and a cleaner/housekeeping position. Id. at pp. 36-38. When asked by the plaintiff's attorney if the person in that hypothetical would be able to perform those jobs if he was "unable at all to grasp or turn objects with either his right or his left hand," the VE stated no, "none of them. If that individual cannot grasp or handle with the right or left hand, they cannot perform the jobs." Id. at pp. 38-39. A limitation of no forceful pinching, grasping, and torquing was not presented to the VE.

In his decision, the ALJ stated that "[b]ased on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. at p. 77. However, "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision. Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).

Here, the defendant concedes that "a discrepancy exists between the ALJ's RFC determination and the hypothetical presented to the VE." *Defendant's Response Brief*, p. 26. In particular:

> [T]heALJ's hypothetical to the VE allowed the individual to perform frequent, but not constant, forceful pinching, grasping and torqing, whereas the ALJ's RFC in the decision *precluded* Plaintiff from performing forceful pinching, grasping and torqing.

Id. (original emphasis).

The defendant argues that the "discrepancy is harmless" because the ALJ's hypothetical

6

question was consistent with the opinion of a physician, Dr. Mars; the ALJ "appropriately gave great weight" to that opinion; and "it is apparent that the RFC in the ALJ's decision inadvertently left out the modifier 'constant' before 'forceful pinching, grasping or torquing.'"

Id.

Courts should apply the harmless error analysis cautiously when reviewing social security disability cases. Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005). The Tenth Circuit Court of Appeals has stated:

> This brings us to the Appellee's final line of defense--the principle of harmless error. We have generally recognized the applicability of this principle in the administrative review setting. Further, we have specifically applied it in social security disability cases, though not always by name and without settling on a definitive characterization of its precise contours and range of application in this somewhat unique, nonadversarial setting. For example, this court has held that certain technical errors were minor enough not to undermine confidence in the determination of the case, and that an ALJ's conduct, although improper, did not require reversal because the procedural impropriety involved had not altered the evidence before the ALJ. For present purposes, one significant thing this heterogeneous group of cases has in common is that in none of them did this court hold an ALJ's failure to make a dispositive finding of fact harmless on the basis that the missing fact was clearly established in the record . . . .
>
> Two considerations counsel a cautious, if not skeptical, reception to this idea. First, if too liberally embraced, it could obscure the important institutional boundary preserved by *Drapeau's* admonition that courts avoid usurping the administrative tribunal's responsibility to find the facts. Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) and its progeny.
>
> With these caveats, it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in

> the right exceptional circumstance, i.e., where, based on material
> the ALJ did at least consider (just not properly), we could
> confidently say that no reasonable administrative factfinder,
> following the correct analysis, could have resolved the factual
> matter in any other way.

Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

In Allen, the ALJ improperly relied on two of three job categories that were contrary to the available jobs identified by the VE based on the ALJ's RFC findings. The court would not excuse as harmless the ALJ's failure to properly assess the number of jobs available because that would be an improper exercise in judicial factfinding rather than a proper application of harmless error principles.

Here, the defendant is asking the court to change the ALJ's RFC finding from "[h]e is precluded from forceful pinching, grasping or torquing" to "he is precluded from *constant* forceful pinching, grasping or torquing" because that version is consistent with a doctor's opinion that was given great weight by the ALJ. However, another examining doctor, Dr. Guthrie, found that the plaintiff could not grasp, turn objects, or perform fine manipulation for any amount of time during an eight hour workday. *Record*, p. 407. Although the ALJ gave reduced weight to that opinion, he did not reject it. Id. at p. 75. Therefore, the defendant is not asking the court to correct a mere technical error "that no reasonable administrative factfinder . . . could have resolved . . . any other way." The defendant is asking the court to engage in improper judicial factfinding.

The defendant also argues that any error on the part of the ALJ was harmless because "[i]n any event, the occupations identified by the VE (router and cleaner (housekeeping) require only 'frequent' handling and 'occasional fingering,' and neither require 'forceful pinching,

grasping, or torquing.'" Id. The defendant cites to the Dictionary of Occupational Titles for the occupations of "router" and "cleaner, housekeeping" in support of that argument. *Defendant's Response Brief*, p. 26. It is unclear from those citations whether an individual who is precluded from forceful pinching, grasping, or torquing can perform the occupations of router and cleaner (housekeeping). Moreover, the VE testified that if an "individual cannot grasp or handle with the right or left hand, they cannot perform the jobs." *Record*, pp. 38-39. Any unexplained conflicts between the Dictionary of Occupational Titles and the VE's testimony must be resolved by the ALJ. Haddock v. Apfel, 196 F.3d 1084 (10th Cir. 1999).

## V. CONCLUSION

IT IS ORDERED that the decision of the Commissioner is REVERSED, and the matter is REMANDED for further proceedings to clarify the RFC finding, if necessary, and to determine whether--given all of the plaintiff's RFC limitations--he can perform gainful and substantial work in the economy .[3]

Dated December 16, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3]Because that determination could alter the ALJ's decision, I do not address the plaintiff's remaining arguments.